United States District Court
Southern District of Texas
**ENTERED**
April 28, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:16-CR-928 |
| | § | |
| HENRY FRANKLIN REDDICK | § | |

# FINDINGS AND RECOMMENDATION
## ON DEFENDANT'S CONDITIONAL PLEA OF GUILTY

United States District Judge Nelva Gonzales Ramos referred this case to the undersigned United States Magistrate Judge for the purpose of conducting a guilty plea proceeding pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The undersigned submits these Findings and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(3). All parties have waived the right to plead before a United States District Judge, and additionally, have consented to proceed before the undersigned.

On April 28, 2017, the defendant appeared with counsel before the undersigned Magistrate Judge and pleaded guilty to Count 1 of the indictment pursuant to a written plea agreement. The defendant entered a **conditional plea** of guilty pursuant to Fed. R. Crim. P. 11(a)(2) reserving his right to seek appellate review of the denial of his motion to suppress evidence. If the defendant prevails on appeal, Rule 11 would allow the defendant to withdraw his plea of guilty. Assistant United States Attorney Hugo Martinez consented to the defendant entering a conditional plea. However, the consent of the United States District Judge is also required to accept this conditional plea of guilty.

**If the Court accepts and adopts this recommendation, the Defendant's plea of guilty is conditional and he will be allowed to appeal the denial of his motion to suppress.**

The defendant was personally addressed in open court and admonished pursuant to Rule 11 of the Federal Rules of Criminal Procedure as follows:

1. The defendant was placed under oath and advised that any false answers given during the plea proceeding could be used by the United States against the defendant in a prosecution for perjury or for making a false statement.

2. The defendant was advised that Count One of the indictment charged him with knowingly possessing and accessing with the intent to view child pornography involving an image of a prepubescent child engaged in sexually explicit conduct that was produced using materials that had been shipped or transported in interstate and foreign commerce by any means, including a computer in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).[1]

3. The defendant was advised of the defendant's right to a jury trial, the right to the presumption of innocence, the right to require that the United States prove each of the elements of the offense to a jury beyond a reasonable doubt. The defendant was further advised that the right to a jury trial included the right to see, hear and cross-examine witnesses, the right to compel witnesses to appear on the defendant's behalf, and the right to testify on the defendant's behalf or to remain silent. The defendant was advised that a plea of guilty would waive the right to a jury trial, the right to see, hear and cross examine witnesses, the right to compel witnesses to appear in the defendant's behalf, and the right to remain silent.

4. The defendant was advised that the United States must prove the following elements of the offense: (1) That the defendant knowingly possessed an item that contains an image of child pornography; (2) That the material was produced using materials that had been shipped or transported in interstate or foreign commerce by any means including by computer; (3) That when the defendant possessed the material, the defendant knew the material was child pornography; and (4) that the image depicted a prepubescent minor engaged in sexually explicit conduct.

---

[1] Count One of the indictment incorrectly cites 18 U.S.C. 2252(a)(2) and 2252(b)(1) (relating to distribution of child pornography). However, the language of the indictment tracks 18 U.S.C. § 2252A(a)(5)(B) (possession of child pornography). Both parties agreed the error was not material and both parties further agreed that Count One alleges the unlawful possession of child pornography.

5. The defendant was advised that the maximum possible sentence included a prison term of up to twenty years plus a maximum fine of up to $250,000, a mandatory $100 special assessment and a period of supervised release of not less than five years, up to lifetime supervision, and that any violation of supervised release could result in an additional prison term of up to a maximum of five years.

The defendant also was advised that even if he received the maximum five year sentence for violation of supervised release, if he had not completed his full term of supervised release, he could be re-released to supervised release, and if revoked again he could receive up to the maximum revocation sentence again. The defendant was advised that this could happen multiple times until he had completed serving his term of supervised release.

The defendant was further advised a non-indigent person convicted of the instant offense will be assessed an additional $5,000 assessment. See the "Justice for Victims of Trafficking Act of 2015", Pub. L. No. 114-22.

The defendant was further advised that he may have to pay restitution pursuant to Title 18, United States Code, Section 2259.

6. The defendant was advised of the District Court's obligation to calculate the applicable advisory sentencing guideline range and to consider that advisory range, possible departures and variances under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a). The defendant further stated that he understood and had discussed with his attorney how the guidelines might be calculated in his case and applied to him.

7. The defendant was advised that his written plea agreement with the United States included a promise that the United States would recommend maximum credit for acceptance of responsibility, a sentence within the applicable guideline range as decided by the District Court and a recommendation that any remaining counts be dismissed at the time of sentencing. If the defendant provided substantial assistance, the United States may move for a downward departure for substantial assistance pursuant to U.S.S.G. §5K1. The defendant was further advised that the decision about whether to move for a downward departure was a decision solely in the discretion of the attorney for the United States, and the decision whether to grant such a motion rested with the sentencing judge. The defendant was further advised that the plea agreement included only a promise by the United States to make a certain recommendation to the sentencing court, not a promise by the sentencing court to impose a certain sentence.

8. The defendant was further advised that the plea agreement contained a waiver of his right to appeal and to file any petitions collaterally challenging his conviction. The appeal waiver does not prohibit the defendant from appealing the denial

of his motion to suppress. The defendant stated that he had discussed the appeal waiver with his attorney and he understood that he was knowingly waiving his right to appeal matters other than the denial of his motion of suppress.

9. The defendant was further advised that his conviction would result in certain collateral consequences such as the loss of his right to possess firearms and ammunition and his right to vote or to hold public office. Additionally, the defendant was advised that this offense is characterized as a sex offense which would subject him to report as a sex offender and comply with the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250. The defendant stated he understood and had discussed these matters with his attorney.

The defendant stated that he had received a copy of the indictment, he understood the nature of the charge, the maximum possible penalty, and the consequences of pleading guilty. The defendant further stated that the plea of guilty was made freely and voluntarily, and did not result from any force, threats or coercion, and no one had promised the defendant a certain sentence. The defendant stated that he understood that if he did not receive the sentence hoped for, he could not withdraw his plea of guilty. The undersigned finds the defendant to be sufficiently competent to enter a plea of guilty.

The defendant pleaded guilty to Count One of the indictment charging him with knowingly possessing child pornography involving an image of a prepubescent child engaged in sexually explicit conduct that was produced using materials that had been shipped or transported in interstate and foreign commerce by any means, including a computer in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2). When questioned about the guilty plea, the defendant stated that he agreed with the factual recitation provided by the Assistant U.S. Attorney as to Count One and the defendant admitted to the elements of the offense. Additionally, the Assistant U.S. Attorney submitted the image of child pornography associated with Count One to the

Court which was reviewed and filed under seal. The undersigned reviewed the image and finds the image to be child pornography involving a prepubescent minor.

The undersigned United States Magistrate Judge finds that defendant's guilty plea was freely and voluntarily tendered and did not result from force, threats, or promises and that an adequate factual basis exists in relation to this plea.

## RECOMMENDATION

It is respectfully recommended that the District Court adopt the foregoing findings, accept the defendant's plea of guilty, and enter a finding that the defendant is guilty as charged in Count One of the indictment.

Respectfully submitted this 28th day of April, 2017.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file the Findings and Recommendation on Plea of Guilty and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Crim. P. 59(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).*